**CINCINNATI NEWSPAPER PRESSMEN UNION NO. 20N, et al., Plaintiffs,**

v.

**GANNETT SATELLITE INFORMATION NETWORK, INC., d/b/a The Cincinnati Enquirer, Defendant.**

**No. C–1–90–20.**

United States District Court, S.D. Ohio.

May 17, 1990.

Robert Doffett, Cincinnati, Ohio, for plaintiffs.

Thomas Brennan, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on a motion for sanctions and costs (Doc. No. 13) filed by defendant Gannett Satellite Information Network, Inc., d/b/a/ The Cincinnati Enquirer ("the Enquirer"). Plaintiffs, the Cincinnati Newspaper Pressmen Union No. 20N of the Graphic Communications International Union of the AFL–CIO and Robert J. Bryan ("the Pressmen Union" and "Bryan" respectively), filed an opposing memorandum (Doc. No. 15) and the defendant subsequently replied. (Doc. No. 16). The Enquirer moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and for costs and attorneys fees pursuant to § 107 of the Norris–LaGuardia Act, 29 U.S.C. (1973).

On February 5, 1990, this Court entered an Order dismissing plaintiffs' complaint. Plaintiffs had sought a temporary restraining order and a preliminary injunction which defendant opposed by moving instead for dismissal or in the alternative the entry of summary judgment in this case. After holding a hearing in open court on January 29, 1990, the Court submitted Findings of Fact and Conclusions of Law warranting the dismissal of this action. In accordance with the findings and conclusions of record, defendant's motion for Rule 11 sanctions is well-taken while its motion for costs and attorneys' fees under § 107 is not.

## OPINION

The factual background of this case arises from a dispute between plaintiff Bryan who is president of the Pressmen Union and his employer, the Enquirer. Bryan was absent from work on five evenings in December, 1989 due to his daytime attendance at meetings involving union negotiations which did not include the Pressmen Union. The Enquirer noted Bryan's absences in a letter to him, warning him that further absenteeism could lead to the termination of his employment. Both parties conceded that the dispute was an arbitrable grievance under their collective bargaining agreement. While the grievance procedure got underway, plaintiffs filed suit against the Enquirer, seeking to enjoin the defendant from taking disciplinary action against Bryan pending arbitration of his grievance.

■ The Enquirer argues that Rule 11 sanctions are justified since the filing of this action was not warranted by existing law, nor by a good faith argument for the extension, modification or reversal of existing law; the lawsuit was not well-grounded in fact; and it was brought for an improper purpose. *See Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988) on the appropriateness of sanctions when the pleading fails to satisfy any element of this three-part test. Dismissal of this action hinged on questions of law not fact; the inquiry at this juncture must be whether plaintiffs' action was warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

■■ The controlling authority relevant to this action holds that a United States District Court lacks jurisdiction to enjoin parties involved in a labor dispute in which a grievance procedure including binding arbitration is in place unless the party seeking an injunction establishes a *Boys Mar-*

*kets* exception. *See Steelworkers Trilogy, United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *see also Boys Markets, Inc. v. Retail Clerks Union Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Courts have expanded the traditional, narrow *Boys Markets* exception triggered by a strike or a lockout to embrace employer self-help measures which undermine the arbitral process to the extent of making arbitration a "hollow formality". *Aluminum Workers Intern. v. Consol. Aluminum Corp.*, 696 F.2d 437, 441 (6th Cir.1982). If all the *Boys Markets* criteria are met, a district court may enjoin an employer whose actions have the effect of evading a duty to arbitrate or which would otherwise undermine the integrity of the arbitral process, rendering an arbitrator's decision a practical nullity. *Aluminum Workers*, 696 F.2d at 441.[1] The Enquirer's actions cannot in good faith be framed to fit these terms:

> Plaintiff does not claim that there were union activities going on during the nights in question, but that he had attended meetings during the day and was accordingly unable to work on those evenings. It is agreed that there was no negotiations involving The Cincinnati Pressman Union on the days in question. There were union negotiations involving other unions.

Order of Dismissal dated 2/5/90 at 2.

The undisputed facts of this case establish that plaintiff Bryan was not involved in his own union's activities during his five absences from work in December, 1989. Authority cited by plaintiffs to justify their bringing this action involve employer activi-

---

**1.** The *Boys Markets* criteria are: (1) the underlying grievance is one which the parties are contractually bound to arbitrate; and (2) injunctive relief is justified under ordinary principles of equity, namely (a) breaches of the agreement have been threatened and will be committed or are occurring and will continue; (b) the party will suffer irreparable harm as a result; and (c) the balance of hardships weighs in favor of an injunction. *Aluminum Workers*, 696 F.2d at 442–44.

ties which would irreparably damage the unions and in essence frustrate or vitiate the arbitration process. *See Aluminum Workers*, 696 F.2d at 443 *citing Local Lodge No. 1266 v. Panoramic Corp.*, 668 F.2d 276, 286 (7th Cir.1981). In the cases plaintiffs rely upon, an injunction was the only remedy which ensured that the arbitrator's decision did not become null and void and which preserved the status quo in the workplace. The grievances concerned far different circumstances than wrongful disciplinary action or discharge. The ability of the Enquirer to compensate Bryan for his wrongful discharge is itself a prima facie showing that no irreparable injury threatened Bryan's right to an effective, fair and, if necessary, remedial arbitration process.

Clearly, the legal authority on point substantiates the Court's determination that, as a matter of law, the dispute did not fall within a *Boys Markets* exception. Plaintiffs' grievance lay within the ambit of arbitration which far from being a "hollow formality" was the only proper venue for the resolution of this dispute. Measured by an objective standard of "reasonableness under the circumstances," the Court finds plaintiffs' complaint seeking such an injunction in violation of Rule 11. *INVST Financial Group v. Chem–Nuclear Systems*, 815 F.2d 391, 401 (6th Cir.1987) *citing Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir.1986). Having determined that plaintiffs' complaint was not warranted by existing law nor by a good faith argument for the extension, modification or reversal of existing law, the Court need not inquire into the factual grounding nor the purpose of filing the complaint. The Enquirer has established that plaintiffs and their counsel engaged in sanctionable conduct.

■ The 1983 amendment to Rule 11 removed much of the district court's discretion in imposing sanctions, *INVST Financial*, 815 F.2d at 401, obliging the district court to impose sanctions when the underlying conduct is found to violate the Rule. *Id.* Attorneys are required to undertake a prefiling inquiry into both the facts and the law comprising the complaint; sanctions deter the abuse of the legal process when this duty is not discharged. *Herron*, 858 F.2d at 335. Attorneys and litigants have a continuing obligation to review and re-evaluate their pleadings, and upon discovery that their case is without merit, to immediately dismiss the action. *Id.* at 336. Accordingly, defendant's motion for sanctions against plaintiffs and their counsel under Rule 11 is well-taken.

■ The Enquirer also contends that it is entitled to costs and attorneys' fees pursuant to § 107 of the Norris–LaGuardia Act, 29 U.S.C. which allows a district court to require a plaintiff to post a bond sufficient to recompense an enjoined party for costs and attorneys' fees incurred in its defense against an "improvident or erroneous issuance" of an injunction. *Aluminum Workers Intern. v. Consol. Aluminum Corp.*, 696 F.2d 437, 446 (6th Cir.1982) citing § 107. The provision cited by defendant does not apply in this case because an injunction was never issued and plaintiffs' case was properly dismissed. Defendant's argument is wholly without merit. The Enquirer simply has no remedy under § 107.

### CONCLUSION

In sum, it is hereby ORDERED that defendant's motion for sanctions against plaintiffs and plaintiffs' counsel pursuant to Fed.R.Civ.P. 11 is GRANTED and defendant's motion for attorneys' fees and costs under § 107 of the Norris–LaGuardia Act, 29 U.S.C. is DENIED. Defendant is directed to provide the Court within thirty days of the date of this Order those expenses and attorneys' fees expended which were reasonably necessary to defend against plaintiffs' action.

IT IS SO ORDERED.